UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SHANERIKA FLEMINGS                          CIVIL ACTION NO. 24-cv-1013

VERSUS                                                JUDGE EDWARDS

CITY OF SHREVEPORT                          MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Shanerika Flemings ("Plaintiff") filed suit in state court against her former employer, the City of Shreveport, and asserted claims based solely on state and municipal laws. Her petition stated that she had filed a charge of discrimination with the EEOC but had not yet received a Notice of Right to Sue, so she reserved her right to supplement her petition and add claims under federal law upon receipt of the notice.

The City immediately removed the case based on an assertion of federal question jurisdiction, which it based entirely on the reservation of rights in the petition. The City also promptly filed a Motion to Stay (Doc. 2) that asked this court to stay this action until such time as the EEOC issues a notice and Plaintiff has amended her complaint.

Plaintiff responded with a Motion to Remand (Doc. 6) that challenged the assertion of federal question jurisdiction and asked for an award of fees and costs in the amount of $2,300. For the reasons that follow, it is recommended that the motion to remand be granted and that fees and costs be granted as requested.

**Relevant Facts**

Plaintiff, an attorney, alleged in her petition that the City hired her as its clerk of counsel, and she was an employee of the City within the meaning of Louisiana law. She outlined a series of alleged events that ended with the city council voting to terminate her employment. Plaintiff alleged that the actions violated the City's Home Rule Charter, City ordinances, and Louisiana employment discrimination and whistleblower statutes.

Plaintiff alleged in paragraph 18 of her petition that all conditions precedent to sue under Louisiana law had been met, and that she had participated in an EEOC mediation in an attempt to resolve her claims. The allegation that triggered this removal is found in paragraph 19, which alleges:

> On October 17, 2023, Petitioner filed Charges of Discrimination with the EEOC and LCHR against defendant City. Petitioner has not yet received her Notice of Right to Sue and, accordingly, reserves her right to supplement this Petition adding her claims under federal law upon receipt of her Notice of Right to Sue.

The petition specifically referenced various charter provisions, ordinances, and Louisiana statutes. It contained no references to federal law other than the reservation of rights in paragraph 19.

The City filed a notice of removal that acknowledged that Plaintiff's petition specifically stated that the City's actions were in violation of Louisiana laws, but it pointed to the reservation of rights in paragraph 19 and asserted that this "clearly demonstrates" that Plaintiff "is and/or will be asserting claims of race and sex-based discrimination and harassment under both federal and state law, therefore this Court has original jurisdiction

pursuant to 28 U.S.C. 1331 (federal question jurisdiction)." No other basis for jurisdiction was cited.

**Analysis**

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The presence or absence of this "arising under" or "federal question" jurisdiction is governed by the well-pleaded complaint rule. Caterpillar, Inc. v. Williams, 107 S.Ct. 2425, 2429 (1987). The rule applies to complaints filed in federal court and also governs whether a case filed in state court is removable. Renegade Swish, L.L.C. v. Wright, 857 F.3d 692, 697 (5th Cir. 2017).

The plaintiff's federal question or claim must appear on the face of her well-pleaded complaint. Bernhard v. Whitney Nat'l Bank, 523 F.3d 546, 551 (5th Cir. 2008). The plaintiff is the master of the claim, so she may confine her claims to those arising under state law even if federal claims are available. Quinn v. Guerrero, 863 F.3d 353, 59 (5th Cir. 2017).

There is no federal claim that appears on the face of Plaintiff's well-pleaded complaint. This was demonstrated by Griffith v. Alcon Research Limited., 712 Fed. Appx. 406 (5th Cir. 2017), where the plaintiff's state court petition asserted claims of national origin and racial discrimination in violation of Texas law. The state court complaint did not cite any provisions of federal law, but it referred to a charge filed with the EEOC and the EEOC's actual issuance of a notice of right to sue. The defendant removed based on an assertion of federal question because the claims "implicitly" invoked Title VII. Plaintiff

filed a motion to remand. The district court denied the motion, but the Fifth Circuit reversed and ordered the case remanded.

The Fifth Circuit explained in Griffith that the plaintiff relied exclusively on state law; he repeatedly cited Texas law with no mention of federal law. The fact that his allegations could also support a federal claim did not create federal question jurisdiction because a plaintiff, as the master of his complaint, may avoid federal jurisdiction by exclusive reliance on state law. The Court noted that the plaintiff did reference his dealings with the EEOC in the complaint, but he did not mention Title VII or any similar federal statute. The district court therefore lacked subject matter jurisdiction.

The same result is warranted in this case, where the EEOC proceedings are referenced and a notice of right to sue has not yet issued. Plaintiff states in a reply brief (Doc. 21) that she, through counsel, recently requested that the EEOC issue a Notice of Right to Sue, but to date she has not received the notice. After receipt, she will have 90 days to decide whether to amend and pursue federal claims. Plaintiff does not commit, either way, on whether she will pursue any federal claims, but she notes that if she elects not to pursue them then subject matter jurisdiction will never exist.

Plaintiff also cites multiple district court decisions that have followed Griffith and ordered remand in similar circumstances, including when the petition included a reservation of rights similar to the one in this case. One example is White v. City of Vidalia, 2018 WL 7134216 (W.D. La. 2018) (Perez-Montes, M.J.), where the plaintiff specifically filed his suit pursuant to Louisiana law, alleged that he had timely filed a complaint with the EEOC, and said he reserved the right to file a federal claim upon

receiving his formal notice of right to sue. Remand was ordered in an opinion that cited Griffith and similar authorities.

Another example is Derbes v. State of Louisiana, 2022 WL 4838211 (M.D. La. 2022) (Johnson, M.J.), where the plaintiff filed a petition in state court that alleged defamation and retaliation after the plaintiff reported various workplace misconduct that included sexual harassment. The defendant removed the case based on an allegation of federal question jurisdiction, noting that the plaintiff's EEOC charge was mentioned in the petition. The court observed that the plaintiff made a clear statement in his petition that he reserved the right to bring Title VII claims upon receipt of a notice of right to sue, which had not yet issued. The court noted that it had explained in other decisions that explicit references in a petition to the submission of an EEOC charge and even receipt of a right to sue letter do not necessarily transform an action into one brought under federal law. It stated that the "case law is replete with grants of motions to remand in similar circumstances" where the plaintiff elected to assert only state law claims but mentioned Title VII and stated that exhaustion of administrative remedies was necessary before bringing a Title VII claim.

The City filed a four-page opposition to the motion to remand. The memorandum repeated the assertion that the petition "clearly" demonstrates that Plaintiff "is and/or will be asserting claims" based on federal law. The memorandum does not attempt to distinguish Griffith or any of the other several authorities cited by Plaintiff. The undersigned finds that Plaintiff's mere reference to filing a charge of discrimination with the EEOC and reserving her right to (perhaps) add claims under federal law upon receipt

of a notice of right to sue do not provide a basis for subject matter jurisdiction. The case should be remanded to state court for lack of jurisdiction. If Plaintiff later receives a notice of right to sue *and* chooses to amend her petition to assert Title VII or other federal law claims, then the City may be able to properly remove the case. It is possible, however, that Plaintiff will choose never to assert federal claims and the case will remain in state court.

**Attorney's Fees**

An order remanding a case to state court may require payment of "just costs and any actual expenses, including attorney fees," that were incurred as a result of removal. 28 U.S.C. § 1447(c). The standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees only where the removing party lacked an "objectively reasonable basis" for seeking removal. Martin v. Franklin Capital Corp., 126 S.Ct. 704, 711 (2005). When an objectively reasonable basis exists, fees should be denied. Id.

This standard does not require a showing that the decision to remove was frivolous or without foundation. The question is whether the removing party lacked an objectively reasonable basis for removal, which is determined in light of the relevant case law on subject matter jurisdiction at the time of removal. CamSoft Data Sys., Inc. v. S. Elecs. Supply, Inc., 638 F. Appx. 255, 260 (5th Cir. 2015).

Plaintiff refers to the relevant standard and urges that there is not an objectively reasonable basis for removal in these circumstances. Plaintiff's counsel notes that she contacted defense counsel before filing a motion to remand in an attempt to secure voluntary remand, but the City refused. Plaintiff has presented abundant authority in this

area that holds there is no proper removal in these circumstances, and the City has not responded with any competing case law that would support the removal. The undersigned finds that there was not an objectively reasonable basis for the removal given the state of the law at the relevant time.

In Griffith, the Fifth Circuit reversed the district court and ordered remand for lack of subject matter jurisdiction. Although the court found that the relevant case law dictated that the removal was improper, it was not objectively unreasonable given the references in the complaint to the EEOC charge and actual receipt of a notice of right to sue that could have reasonably led the defendant to believe removal was proper. The references to the EEOC proceedings in this case, however, make clear that Plaintiff is not currently asserting federal claims, only reserving the right to potentially assert such a claim at a later date.

When a similar motion to remand was presented in Derbes, the court noted the plethora of easily-found case law such as Griffith that held there was no federal jurisdiction in similar employment discrimination cases. The removing defendant did not address any of those cases, which should have put it on notice that removal was improper. An award of fees and costs of $2,300.50 was recommended, adopted by the district court, and affirmed by the Fifth Circuit. Derbes v. Louisiana, 2023 WL 4265757 (5th Cir. 2023).

A similar award is warranted in this case. The attorneys for Plaintiff submit an affidavit that details their time spent reviewing the notice of removal, corresponding in an effort to avoid a motion to remand, and then drafting the necessary motion to remand. The total hours billed were only seven, most of the work was performed by an associate at a

lower rate, and the total is $2,300.00. The undersigned finds that is a reasonable and appropriate award under Section 1447(c).

Accordingly,

It is recommended that Plaintiff's Motion to Remand (Doc. 6) be granted by remanding this case to the First Judicial District Court, Caddo Parish, Louisiana, and awarding fees to Plaintiff in the amount of $2,300.00.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of September, 2024.

Mark L. Hornsby
U.S. Magistrate Judge